# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHERMAN DAVENPORT,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-1459-Orl-28KRS**

**PLEASANT TIMES, LLC d/b/a**
**KOZY KORNER and**
**CRUM RESOURCES II, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:**  **JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 39)**
>
> **FILED:**  June 22, 2007
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

On August 16, 2007, I held a hearing to consider the fairness of the settlement. At the hearing, Counsel for Plaintiff Sherman Davenport explained that the amount of unpaid wages sought in his answers to the court's interrogatories was an estimate and based on a few of his paychecks. After reviewing the verified summary of hours worked filed by the defendants, Davenport could still not determine the exact number of hours worked but arrived at an estimate of the compensation he was owed for unpaid wages totaling $2,610.00.

In the settlement agreement, Davenport has agreed to settle his claim for $5,000.00. While the settlement agreement does not separate the amount of compensation to be received by Davenport and his attorney, at the hearing, Davenport's attorney stated that Davenport would receive $2,610.00 and he would received $2,000.00 in attorney's fees. The remaining $390.00 would be allocated to costs. Under the settlement agreement, Davenport will receive the full amount to which he is arguably entitled under the FLSA. Accordingly, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354.

Paragraph 3 of the settlement agreement contains a confidentiality agreement that should not be approved by the Court. Doc. No. 41-2 at 2. In order for the settlement agreement to be approved, it was necessarily filed in the public record in this case. As such, the settlement agreement is no longer confidential.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, doc. no. 41-2, except for the confidentiality provision in paragraph 3, and dismiss the case with prejudice. I also recommend that the Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 16, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy